### 3106.   ANDREWS *v.* THE STATE.

1. Where the indictment charged that the accused "did unlawfully shoot a pistol and discharge the same while in a passenger car," and the evidence showed that he shot and discharged the pistol while on the steps or platform of the car, *held,* that this was not a material variance. The words "in the car," as used in the statute, construed with the context and in accordance with the manifest purpose of the act, are equivalent to "on the car."

2. The trial judge did not intimate any opinion on the facts, in construing the words "in the car," contained in the statute, as meaning "on the car," and it was the duty of the jury to accept such construction as matter of law.

DECIDED JANUARY 31, 1911.

Indictment for shooting while in passenger-train; from Coffee superior court—Judge Parker. November 26, 1910.

*O'Steen & Wallace,* for plaintiff in error.

*M. D. Dickerson, solicitor-general, Quincey & McDonald, J. H. Thomas,* contra.

HILL, C. J.  The accused was convicted of a violation of section 511 of the Penal Code of 1895, as amended by the act of 1905 (Acts 1905, p. 86), which section, as amended, reads as follows: "Any person who shall throw a rock or other missile at, towards, or into any car of any passenger-train upon any railroad or street-railroad, or shoot any gun, pistol, or firearms of any kind at, towards, or into any such car, or shoot, while in such car, any gun, pistol, or other weapon of any kind, shall be punished," etc. Penal Code (1910), § 512.  The indictment specifically charged that the accused "did unlawfully shoot a pistol and discharge the same while in a passenger-car and a passenger upon the passenger-train of the Georgia and Florida Railway and in said car and train, contrary to the laws of said State," etc.

The undisputed evidence in support of the accusation is that the accused, while a passenger on a passenger-train of the railroad mentioned in the accusation, shot and discharged a pistol from the platform or the steps of the passenger-coach of the train; and the controlling issue thus made is whether this evidence shows a violation of the above statute.  The trial judge instructed the jury that the act in question constituted a violation of this statute, —in other words, that the language of the statute was broad enough to cover the act of shooting a pistol on the platform or steps of a passenger-train, as well as inside of the train.  To use the definite language of the court, "Being on the steps of a passenger-train, or being on the platform, is equivalent to being in the train."  Criminal statutes must be strictly construed, but this does not mean that the strictness must be so narrow as to emasculate the purpose of the statute or to impair the intention of the legislature.  The meaning given to words in a statute should be such as would carry out the full purpose of the legislature in the enactment of such legislation.  It would be absurd to contend that the legislature intended that a person inside of a car, shooting out of the window thereof, would be guilty of a violation of this statute, while a person on the platform or the steps of the car,

shooting out of the car, would not be guilty of its violation. The context as a whole clearly indicates that all the parts of the car,—the steps, the platform, the inside, and even the top of the car,—are within the terms of the statute, reasonably construed for the purpose of carrying out in full the purpose of the legislature. The preposition "in" as a prefix to the article "the" and a noun,—as "in the house," or "in the car," or "in the ship,"—means not only inside the house, or car, or ship, but also "on the house," "on the car," or "on the ship." See Standard Dictionary. The word "in" is ordinarily accepted and used as an equivalent of the word "on." 4 Words and Phrases Judicially Defined, 3464. The Supreme Court of Mississippi, in construing the word "in," as used in the statute prohibiting shooting in the highways, declares that it is equivalent to and interchangeable with the word "on." Woods *v.* State, 67 Miss. 575. The Supreme Court of this State, in the case of *King* v. *Travelers Insurance Co.*, 101 *Ga.* 64 (28 S. E. 661, 65 Am. S. R. 288), construing the language in an accident insurance policy, that if the insured was injured while riding as a passenger *"in"* the car, held that he could recover under the double-indemnity clause in the policy, although the evidence showed that when hurt he was not riding as a passenger inside the car, but was attempting to alight *from* the car. A person may be said to be traveling in a carriage while alighting therefrom, until he has completely disconnected himself and alighted. 2 May on Insurance, § .524. We conclude that the trial judge was right in his construction of the statute under which the indictment is framed, that the words, "or shoot . . . while in such car, any gun, pistol, or other weapon of any kind," include the act of a person standing on the platform or the steps of the car, who shoots a gun, pistol, or other weapon,—in other words, that the word "in" in this statute means "on" the car, and is not restricted to the narrow meaning of "inside" or "within" the car.

Complaint is made that the learned trial judge improperly intimated an opinion on the facts, by a colloquy with the foreman of the jury, set out in the record. The foreman, speaking for the jury, asked the judge if the jury could find the defendant guilty notwithstanding the evidence showed that the shooting was on the platform or steps of the car, while the indictment charged

that it was done in the car; and the trial judge very properly, as we have above held, construed the statute in response to this inquiry. It was his duty to do so, and it was the duty of the jury to take the law from the court. Besides, there was no dispute as to the evidence. It was not denied that the accused did shoot the pistol while on the steps or platform. of the car mentioned in the indictment. The evidence, applied to the law as thus construed, demanded the verdict. *Judgment affirmed.*

RUSSELL, J., dissenting. While the legislature could very properly and profitably have prohibited the discharge of firearms from trains on railroads, still, in the observance of that strictness of construction which must be maintained as to criminal statutes, I do not think that the platform can be included "in the car."