29161.  MATHIS *v.* THE STATE.

DECIDED OCTOBER 25, 1941.

*W. M. Story, I. H. Corbitt,* for plaintiff in error.

*H. W. Nelson, solicitor-general,* contra.

BROYLES, C. J.  Robbie Mathis was convicted of the offense of mayhem; his motion for new trial, based upon the general grounds only, was overruled, and that judgment is assigned as error. The sole contention of counsel for the accused is that there was a material variance between the allegata and the probata, since the indictment charged that the accused did "bite off" the right ear of Robert Singletary, "thereby unlawfully depriving said Singletary of his right ear, with the intent in so doing to maim and disfigure him," and the evidence disclosed that only a part of the ear was bitten off. "Mayhem shall consist in unlawfully depriving a person of a member of his body, or disfiguring, or rendering it useless." Code, § 26-1201. "Slitting or biting the nose, ear, or lip of another, with the intention, or voluntarily, or maliciously, as before expressed, while fighting or otherwise, shall be a misdemeanor." Code, § 26-1206. "Cutting or biting off the nose, ear, or lip of another, with the intention, or voluntarily, or maliciously, as before expressed, while fighting or otherwise, shall be a misdemeanor." Code, § 26-1207.

Counsel for the accused contend that if he were guilty of any

offense it was the one denounced by Code § 26-1206. We can not concur in this argument. The offense covered by that section is the mere slitting or biting of the nose, ear, etc., and does not apply to a case where the ear, or a substantial part thereof, is bitten off. The undisputed evidence showed that a part of the ear was "bitten off," not merely bitten or slitted, and the evidence of the person bitten authorized the jury to find that a substantial part of the ear, to wit, one third, had been entirely bitten off. We do not think that Code § 26-1207 should be construed as meaning that the crime denounced by it is not committed unless the *entire* nose, ear, or lip is bitten off. Suppose that the end of a nose, or one third of it, should be maliciously bitten off, would not the perpetrator be guilty of a violation of that section? Certainly Code § 26-1206, which makes penal the mere slitting or biting of an ear, would not cover the "biting off" of a nose or an ear. As said by this court in *Andrews* v. *State*, 8 *Ga. App.* 700 (70 S. E. 111) : "Criminal statutes must be strictly construed, but this does not mean that the strictness must be so narrow as to emasculate the purpose of the statute or to impair the intention of the legislature. The meaning given to words in a statute should be such as would carry out the full purpose of the legislature in the enactment of such legislation." In our opinion there was no material variance between the allegata and the probata in the instant case, and the denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*