## 31568. MITCHELL v. THE STATE.

HILL, Justice.

Napoleon Mitchell was indicted for armed robbery, aggravated battery and aggravated assault. The jury found the defendant guilty of armed robbery and aggravated battery and the court sentenced him to life imprisonment for armed robbery and 20 years for aggravated battery, to run consecutively.

The victim, a shopkeeper, testified that on April 12, 1976, at about 9 a.m., the defendant beat him into unconsciousness with a piece of pipe, that he lost the sight in one eye due to this beating, and that before he was hit he had $70 to $80 dollars in his cash register. A policeman testified that he found the cash register empty except for $3 to $4 in bills and change, that there was blood on a piece of pipe and on the cash register, that the defendant had blood on his pants, shirt and shoes when arrested at about 1:30 p.m. that day, and that he had $26, some of it bloodstained, in his possession when arrested.

The defendant testified that he went to the victim's store to make some purchases, that the victim shortchanged him, that an argument arose, that the victim attacked the defendant with a piece of pipe, and that the defendant took the pipe from the victim and struck the victim with it.

The defendant urges that the trial court erred in refusing to grant his motions for directed verdict and that the verdicts were without evidence to support them. The

trial court's overruling of the motion for directed verdict of acquittal of the crime of aggravated assault was rendered moot by the jury's verdict. If there is any evidence to support the verdicts of guilty of armed robbery and aggravated assault, it was not error to deny the motions for directed verdicts of acquittal of those counts. *Bethay v. State,* 235 Ga. 371 (1) (219 SE2d 743) (1975).

As to the crime of armed robbery, the defendant urges that the evidence of the defendant's taking money from the victim was entirely circumstantial and that hence the state's evidence must exclude every other reasonable hypothesis save that of guilt. The defendant does not however offer a reasonable hypothesis of innocence except his own testimony which was contradicted by the victim's direct evidence. The verdict of guilty of armed robbery is not unsupported by evidence. *Harris v. State,* 236 Ga. 242 (1) (223 SE2d 643) (1976).

As to the crime of aggravated battery, the loss of use of an eye constitutes the rendering of "a member of his body useless" within the meaning of Code § 26-1305. The 1968 Criminal Code, of which Code § 26-1305 is a part, created the crime of aggravated battery in lieu of the older crimes of mayhem, of which "putting out one eye" (§ 26-1204 of the Code of 1933) was a part. The accepted definition of bodily "member" is "bodily part or organ," Webster's Third New International Dictionary, which would include an eye.

Expert testimony is not required in an aggravated battery case to prove the loss of use of an eye. The victim's testimony as to his loss of eyesight will support the verdict and hence the verdict of guilty of aggravated battery is not unsupported by evidence.

The remaining enumerations of error either were not raised at the trial or are not error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 24, 1976 — DECIDED JANUARY 6, 1977.

*Edwards, Edwards & Edwards, H. B. Edwards, III,* for appellant.

*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.