## 58978. JACKSON v. THE STATE.

SMITH, Judge.
Appellant was indicted for aggravated battery and convicted of aggravated assault. Appellant makes two contentions on appeal: (1) that the trial court erred in refusing to grant appellant's motion for directed verdict of acquittal on the aggravated battery charge and (2) that the indictment cannot support a conviction for aggravated assault. We affirm.

1. The indictment alleges that appellant "did . . . maliciously cause bodily harm to Nellie Taylor Rickman, by rendering her left ear useless and by seriously disfiguring her body by shooting her with a certain

pistol." Appellant contends that the state failed to prove that the victim's ear was rendered "useless." Therefore appellant argues, a directed verdict of acquittal should have been granted on the aggravated battery charge. In support of his position, appellant relies upon the following testimony of the victim: "Q. You have not been able to hear anything at all since the time you were shot? A. Well, when I go to the doctor, if I put on ear phones, I can hear a slight beep sometimes. Q. That's in your left ear? A. Yes, sir. Q. So you can hear something in your left ear, can you not? A. A slight beep sometimes. Other than that, I can't — like just talking, or something like that, I can't hear anything like that." However, even assuming that appellant has "standing" to challenge a ruling relating to an offense of which appellant was not convicted, we find no error. Where an ear is capable of hearing no more than a "slight beep," it has been "rendered useless" for purposes of Code § 26-1305.

2. Appellant's contention that the indictment cannot support a conviction for aggravated assault is controlled adversely to him by *Tuggle v. State,* 145 Ga. App. 603 (244 SE2d 131) (1978). See also *Williams v. State,* 144 Ga. App. 130 (240 SE2d 890) (1977). The indictment alleged all essential elements of the offense of aggravated assault.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED NOVEMBER 20, 1979 — DECIDED FEBRUARY 22, 1980.

*Barry R. Chapman,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.