*Assistant District Attorney,* for appellee.

### 64729. HARDEN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and tried for rape and aggravated battery. He was acquitted of the rape charge but found guilty of aggravated battery. The trial court sentenced him to twenty years.

The theory of the state's case was that defendant threatened the victim with a knife by cutting the string off her blouse and then he beat and raped her. The defense's version was that defendant struck the woman as she pulled a knife on his mother and that he did not sexually molest the woman. The jury by its verdict evinces a belief in the state's version of the aggravated battery over defendant's. However, the jury was not convinced beyond a reasonable doubt that rape occurred. Defendant here challenges the sufficiency of the evidence. *Held:*

1. Defendant first asserts that, under the authority of *Terry v. State,* 243 Ga. 11 (252 SE2d 429), and *Harrell v. State,* 108 Ga. App. 295 (132 SE2d 787), the jury was not authorized to reject his account of the incident. The rule intimated by these cases is that a conviction cannot be sustained where the state has failed to materially contradict the defense's version of the allegedly criminal act and the defense's version is consistent with and explains all the physical facts. *Terry v. State,* 243 Ga. 11, 12, 13, supra. See also *Stevens v. State,* 247 Ga. 698, 705 (9) (278 SE2d 398) (1981).

In the case sub judice the state was unable to put the victim on the stand because she was rendered incapacitated by the blow inflicted by defendant (see Division 3, infra). Defendant's mother was not called as a witness either. Thus, defendant was the only eyewitness of the alleged crime to testify. The state relied primarily on the testimony of the victim's two daughters that she told them that defendant had a knife, had cut the string off her blouse, hit her and raped her. The blouse was also put into evidence.

It is clear that the jury was presented with two materially contradictory stories. In such a case it is for them to decide which version, or portions thereof, is the truth. *Stevens v. State,* 247 Ga. 698, 704, supra; *Terry v. State,* 243 Ga. 11, 14, supra. We find that the jury could reasonably have found from the evidence that defendant was guilty beyond a reasonable doubt of aggravated battery. See *Pollard v. State,* 249 Ga. 21 (1), 22 (287 SE2d 189).

2. Defendant next claims the state failed to prove the element of malice. We disagree. Defendant admitted he struck the woman and whether he did so maliciously was a question for the jury. See *Jackson v. State,* 142 Ga. App. 565, 566 (2) (236 SE2d 549). Here the jury was authorized to find that defendant hit the victim in the eye, after he cut her blouse string with a knife, without justification, with such force as to require three operations to repair the resultant internal damage which still left her severely disabled. From these findings, in addition to the aggregate of the other evidence and inferences to be drawn therefrom, the jury could have reasonably concluded that the requisite malice was present.

3. Defendant's final contention is that the state failed to prove that the blow he inflicted caused the woman's disabling injuries. His argument is essentially that the state was unable to produce an expert witness who could say with certainty that the injuries resulted from the blow. We, however, do not require certainty or even proof that is persuasive to us. All we require is evidence upon which a rational jury could reasonably find the material elements of the crime beyond a reasonable doubt. See generally *Meeks v. State,* 160 Ga. App. 233, 236 (1) (286 SE2d 520) and cits. We have no difficulty in concluding that this has been satisfied here.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 20, 1982.

*Robert M. Boulineau,* for appellant.

*Joseph H. Briley, District Attorney, Fred Bright, Assistant District Attorney,* for appellee.