## 65287. COLLINS v. THE STATE.

DEEN, Presiding Judge.

Roger Collins was convicted of criminal attempt to commit aggravated battery upon a counselor at the Georgia Diagnostic Center, where at the time of the incident in question he was awaiting implementation of a death sentence imposed following conviction on charges of kidnapping, sodomy, rape, and murder. The counselor, Aaron Roquemore, testified that as he was walking along the corridor outside Collins' cell the latter threw a solution of salt and hot baby oil in Roquemore's face, simultaneously shouting, "Now I've got one of you son-of-bitches!" Roquemore lost the use of one eye for two days, after receiving medical treatment both in the prison infirmary and from an outside ophthalmologist, and continued to experience dimness and blurring of vision. Collins and four fellow inmates occupying nearby cells testified variously that they had neither seen nor heard the incident, that they had heard a "commotion" but that Collins was not involved, and that the incident had not occurred at all. There was testimony from the facility's corrections superintendent that Collins had committed previous violent acts during his confinement.

Collins appeals his conviction and sentence, enumerating in addition to the general grounds the following: the trial court's denial of his motions for a directed verdict of acquittal, for mistrial, and for a new trial; and the denial of his motion that his leg irons be removed during the time he was in the courtroom. *Held:*

1. There was sufficient evidence to authorize a verdict of guilty of criminal attempt to commit the offense charged. Ga. Code Ann. § 26-1305 defines aggravated battery as "maliciously caus[ing] bodily harm to another by depriving him of a member of his body, or by

rendering a member of his body useless, or by seriously disfiguring his body or a member thereof. . ." It is axiomatic that, where the evidence is sufficient to support a conviction, an accused may be convicted of a crime included in the crime charged in the indictment, without the necessity of the lesser included crime being specifically charged. It is likewise well settled that an attempt to commit a specific offense is a lesser included crime. Ga. Code Ann. §§ 26-505, 26-1005, 27-2303; *Brown v. State,* 247 Ga. 298 (275 SE2d 52) (1981); *Head v. State,* 160 Ga. App. 4 (285 SE2d 735) (1981); *Bryant v. State,* 146 Ga. App. 43 (245 SE2d 333) (1978). In the instant case there is no doubt that the incident occurred, and there is no reason to believe that it occurred otherwise than as the victim testified. The fortuitous fact that complete and permanent blindness did not result hardly suffices to create, as appellant contends, a fatal variance between allegata and probata. "There can be no question that the attempted destruction of another's eyesight constitutes a criminal attempt to commit an aggravated battery." *Greene v. State,* 155 Ga. App. 222, 225 (270 SE2d 386) (1980); *Mitchell v. State,* 238 Ga. 167 (231 SE2d 773) (1977). The evidence was sufficient to authorize a reasonable trier of fact to find the appellant guilty of criminal attempt to commit aggravated battery. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

2. The trial court did not err in denying appellant's motion for mistrial. Prior to commencement of the trial the court had granted appellant's motion that all mention of the fact that he was housed on Death Row be excluded from testimony as potentially prejudicial. The prison doctor, a semi-retired physician of German birth and education, testified that when he first saw Roquemore the latter stated "that while being in H-house [an internal designation for the 'Death Row' section of the prison] someone threw some hot liquid in his face." Defense counsel promptly moved for a mistrial. The court denied the motion, however, holding that the term "H-house," even if heard by the jury, would not necessarily convey to persons not connected with the prison the notion of "Death Row" and would therefore not be prejudicial to the defendant, particularly since the jury of necessity already knew from the facts of the case that the defendant was serving a prison term. Compare *Jackson v. State,* 156 Ga. App. 255 (274 SE2d 665) (1980); *Holcomb v. State,* 130 Ga. App. 154 (202 SE2d 529) (1973). Moreover, the statement, even if it constituted error, was harmless in the light of the totality of the evidence. Not only error but prejudice flowing therefrom must be shown in order to warrant a reversal of judgment. *Jackson v. State,* supra; *Martin v. State,* 143 Ga. App. 875 (240 SE2d 231) (1977). This

contention is therefore without merit.

3. The evidence did not justify a directed verdict of acquittal. Upon a motion for a directed verdict, "If there is no conflict in the evidence as to any material issue and the evidence introduced with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Ga. Code Ann. § 81A-150 (a). "Where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal..., the court may direct the verdict..." Ga. Code Ann. § 27-1802 (a). Under neither the mandatory language of § 81A-150 (a) nor the permissive language of § 27-1802 (a) is a directed verdict of acquittal appropriate in this case. The standard for determining whether or not a motion for a directed verdict was erroneously denied is the "any evidence" test. *Smith v. State,* 146 Ga. App. 444 (246 SE2d 454) (1978). The record in the instant case shows that the evidence was sufficient to meet this test. *Cooksey v. State,* 149 Ga. App. 572 (254 SE2d 892) (1979). The lower court therefore did not err in denying the motion for a directed verdict of acquittal.

4. The trial court did not err in denying the motion that the defendant's leg irons be removed while he was in the courtroom. The desideratum, of course, is that the accused, while in the presence of the jury, should be free of indicia of guilt such as wearing shackles or prison garb, or being surrounded by uniformed security personnel, or anything else that might infringe upon the presumption that he is innocent. Kennedy v. Cardwell, 487 F2d 101 (6th Cir. 1973). Nevertheless, it is not necessarily an error of constitutional dimensions for an accused to appear in court wearing restraining devices or accompanied by uniformed guards. Grantling v. Balkcom, 632 F2d 1261, 1264 (5th Cir. 1980); Wright v. Texas, 533 F2d 185 (5th Cir. 1976). It is well settled that when, in the discretion of the trial judge, the use of restraining devices or the presence of uniformed guards is necessary for preventing disruptive or dangerous behavior by the accused or for securing the safety of those in the courtroom, or of the general public, the decision to implement such measures is within the court's discretion. *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979); *Allen v. State,* 235 Ga. 709 (221 SE2d 405) (1975). See also Grantling v. Balkcom, supra; Kennedy v. Cardwell, supra. The burden is on the appellant to show that such procedures have violated his constitutional rights. Kennedy v. Cardwell, supra at 111.

In the instant case the trial judge carefully considered these factors prior to trial. He solicited testimony as to appellant's violent propensities and as to the security problem posed by the simultaneous presence in the courthouse of five felons who had been convicted of capital offenses. It was the determination of the court

that the use of restraining devices would not only reduce the actual number of uniformed guards who would need to be present in order to secure the premises, but would also reduce the visibility of such personnel, with its concomitant potentially prejudicial effect upon the jury. The court in deciding to retain the prisoner's leg irons was opting for what he regarded as the least burdensome — or prejudicial — alternative consonant with the necessity for insuring maximum security. The court did not abuse its discretion, and the contention is without merit.

5. The trial court did not err in denying the appellant's motion for a new trial. The motion alleged the same grounds as those enumerated as error in the instant appeal. Since we have determined that none of these is meritorious, the court did not err in denying the motion for a new trial.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 22, 1982.

*William P. Bartles,* for appellant.

*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.