## 67217. MAGSBY v. THE STATE.

SHULMAN, Presiding Judge.

Appellant, an Atlanta Bureau of Corrections officer, was convicted of aggravated battery in connection with an incident in which he shot a fellow officer several times. He now appeals, questioning the sufficiency of the evidence and the effectiveness of his trial counsel, and taking issue with several comments made by the trial court.

1. "A person commits the offense of aggravated battery when he maliciously causes bodily harm to another by . . . rendering a member of his body useless . . ." OCGA § 16-5-24 (Code Ann. § 26-1305). Appellant contends that the state failed to prove that the victim's legs were rendered useless. Appellant relies on the testimony of a rehabilitative specialist who stated that the victim was confined to a wheelchair for extended distances, but was able to walk "in the house or a short distance" with the aid of braces and a walker. In *Jackson v. State,* 153 Ga. App. 584 (1) (266 SE2d 273), this court held that, for purposes of OCGA § 16-5-24 (Code Ann. § 26-1305), an ear was rendered useless despite the fact that it was capable of hearing a "slight beep" when aided by ear phones. The fact that the victim herein can ambulate for short distances with the aid of braces and a walker does not take away from the fact that, for purposes of § 16-5-24 (Code Ann. § 26-1305), his legs have been rendered useless.

2. Relying primarily on the fact that his trial counsel did not impeach the victim through the use of prior convictions, appellant maintains that he was denied the effective assistance of counsel.

"We interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515). "We do not, however, evaluate the effectiveness of counsel upon isolated trial errors. The *Pitts v. Glass* standard . . . requires us to look at the totality of the representation provided by counsel." *Dansby v. State,* 165 Ga. App. 41 (2c) (299 SE2d 579). Having done so, we find that counsel rendered effective assistance.

3. Apparently exasperated with repetitious questions and answers, the trial court said: "Didn't you understand her [the witness], sir [defense counsel]? He was on Sunday and Monday. She was the rest of the time. She said that three times that I know of." Appellant maintains that the trial court's statement amounts to an improper expression of the trial court's opinion as to what had or had not been proved. OCGA § 17-8-55 (Code Ann. § 81-1104).

"A statement by the trial court that [the witness] had already answered a question propounded by defense counsel on cross-examination did not amount to an expression of opinion as to appellant's guilt . . . [Cits.] In any event, 'the question of whether [OCGA § 17-8-55 (Code Ann. § 81-1104)] has been violated is not reached unless an objection or motion for mistrial is made.' [Cit.]" *Smith v. State,* 158 Ga. App. 330 (2) (280 SE2d 162).

4. The trial court initially refused to allow two of appellant's character witnesses to testify, commenting that the prospective witnesses were "not competent to testify" because they had violated the rule of sequestration. OCGA § 24-9-61 (Code Ann. § 38-1703). Although appellant acknowledges that the witnesses subsequently were allowed to testify, he argues that the trial court's remark about incompetency limited the character witnesses. We disagree. The trial transcript reflects a full examination of each of the character witnesses called in appellant's behalf. We note further that while a witness who violates the sequestration rule is not thereby rendered incompetent, the trial court has broad discretion with which to handle such matters, and that discretion will only be controlled upon a finding of manifest abuse. *Pearley v. State,* 235 Ga. 276, 277 (219 SE2d 404).

5. Appellant also argues that the trial court violated OCGA § 17-9-22 (Code Ann. § 110-201) (expressing approval of the jury's verdict) by saying, during the sentencing phase of the trial, "I believe the evidence in the case. I'm like the jury. I don't believe there was such provocation as to cause that, sir." Whether that statement amounted to an improper expression of approval of the jury's verdict (see *Johnson v. State,* 46 Ga. App. 494 (1) (167 SE 900)), is immaterial since the remedy for such a remark is not a new trial, but to prohibit the offending judge from presiding over the new trial. OCGA § 17-9-22 (b) (Code Ann. § 110-202). Since no new trial has been granted appellant, we need not consider the matter further.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 31, 1984.

*Alton G. Hartley,* for appellant.
*Robert E. Wilson, District Attorney, Thomas S. Clegg, Ann Poe Mitchell, Assistant District Attorneys,* for appellee.