### 71653. TAYLOR v. THE STATE.
(344 SE2d 748)

BENHAM, Judge.

Appellant was indicted for and convicted of aggravated battery. See OCGA § 16-5-24 (a). The indictment alleged appellant had maliciously caused bodily harm to the victim by rendering one of his eyes useless. Appellant now argues that the evidence was not sufficient to support the judgment; that the trial court's charge to the jury was incomplete; and that his motion for new trial was erroneously denied.

1. The State presented evidence that appellant and the victim had engaged in a shoving match and a heated argument at a party earlier on the evening of the aggravated battery. They exchanged blows while in a car after leaving the party. The victim exited the car and was walking toward his home when he heard someone running behind him. As he turned around, appellant struck him in the eye with a broken bottle. He now suffers "real blurry vision" and is unable to read. While his vision has been improving slowly, he stated his physician said he can only "hope and pray" his vision continues to improve.

Appellant maintains the evidence is insufficient to sustain the conviction because there was no evidence that the victim's eye was rendered useless or that appellant acted maliciously. The loss of the use of an eye constitutes the rendering useless of a member of the body. *Mitchell v. State*, 238 Ga. 167, 168 (231 SE2d 773) (1977). It is not necessary that the victim suffer the total loss of his member in order to be the victim of an aggravated battery. See *Jackson v. State*, 153 Ga. App. 584 (1) (266 SE2d 273) (1980). Blurred vision is evidence that an eye has been rendered useless. See *Collins v. State*, 164 Ga. App. 482 (1) (297 SE2d 503) (1982), where, although the defendant was indicted for aggravated battery, he was convicted of criminal attempt to commit aggravated battery. The victim lost the use of an eye for two days and then experienced dimness and blurring of vision. This court held that since the evidence was sufficient to support a conviction for the greater offense (aggravated battery), an accused could be convicted of an included offense without being specifically charged. Implicit in this holding is the conclusion that reduced use of a member was sufficient to render it useless. "The fortuitous fact that

complete and permanent blindness did not result hardly suffices to create . . . a fatal variance between allegata and probata." Id. at 483. The victim's testimony that his vision was improving is not sufficient to overcome the evidence that the eye was rendered useless, especially in the absence of a prognosis of complete recovery.

We also disagree with appellant's contention that the State failed to prove malice. Appellant admitted he struck the victim with a beer bottle, and the jury was authorized to find that he did so without provocation and with such force as to lodge glass fragments in the victim's eye, to cause "rather deep" lacerations over one eye and the bridge of the nose, and a cut extending completely through one nostril. From these facts and the inferences to be drawn therefrom, the jury could have reasonably concluded that the requisite malice was present. *Harden v. State,* 164 Ga. App. 59 (2) (296 SE2d 372) (1982).

2. Appellant next argues that the trial court's charge to the jury was incomplete because it neither informed that body that the State had to prove malice nor defined the term "maliciously." Contrary to appellant's assertions, the trial court informed the fact finder of the elements of aggravated battery and of the requirement that the State prove each essential element of the crime beyond a reasonable doubt. While it may have been appropriate to define "maliciously" for the jury, the trial court did not err in failing to do so inasmuch as appellant neither sought such an instruction nor did anything to preserve his right to appeal when asked to voice objections to the charge. See *Scott v. State,* 250 Ga. 195 (1c) (297 SE2d 18) (1982). Cf. *Wright v. State,* 152 Ga. App. 868 (2) (264 SE2d 316) (1980).

3. Appellant also seeks reversal of his conviction based on the trial court's failure to give a charge on retreat. "[W]here self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat. . . ." *Johnson v. State,* 253 Ga. 37, 39 (315 SE2d 871) (1984). While justification was raised as a possible defense, whether appellant retreated from the fray was never raised by the evidence. Therefore, no charge was necessary.

4. Appellant's motion for new trial was properly denied inasmuch as it encompassed the above-enumerated errors.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

As to the first part of Division 1, the cases cited do not seem to support all of the propositions advanced. It is important because these propositions form the underpinnings of the court's conclusion with respect to what must be proved to constitute aggravated battery by rendering a member of a person's body useless. It is also important

because the majority concludes that reduced use ("real blurry vision," in the victim's words, and inability to read) constitutes the eye's having been rendered "useless." Since the court points to no cases which hold this more expansive and elastic meaning to be the proper one to apply to the Code's "rendering a member of his body useless," we should be aware of how the majority reached this construction. This is particularly true because if the unquantified term "useless" is to be defined by the relative term "reduced use," the question arises whether any reduction or diminishing of sight would suffice.

*Mitchell v. State*, 238 Ga. 167, 168 (231 SE2d 773) (1977), apparently involves total and permanent loss of use of an eye, in that none of the description includes any limitation that would indicate otherwise. For example, "lost the sight in one eye" is how the victim's testimony is paraphrased.

*Jackson v. State*, 153 Ga. App. 584 (1) (266 SE2d 273) (1980) involves an ear being rendered totally useless for all intents and purposes because all the victim could hear was a slight beep when she put on earphones in the doctor's office for testing of hearing. That constituted "useless" as meant by the aggravated battery statute, the court said, but this is dicta because defendant was not convicted of aggravated battery but of aggravated assault as a lesser included offense. The loss of hearing was in fact total in the victim's everyday life; it could hardly be argued that it was not "total" because she could hear a slight beep through a testing device in her physician's office. Thus I find it hard to conclude from *Jackson* that "It is not necessary that the victim suffer the total loss of his member in order to be the victim of an aggravated battery." It would appear from the cases that at least virtually total loss is what is meant. Although there is little doubt that what the victim suffered in the instant case was aggravated battery, the inquiry is whether it was "by rendering a member of his body useless," which the state chose to charge and prove.

The final case relied upon is *Collins v. State*, 164 Ga. App. 482 (1) (297 SE2d 503) (1982). The majority in the instant case concludes that "implicit in (the *Collins*) holding is the conclusion that reduced use of a member was sufficient to render it useless." That is not necessarily so, because the *Collins* court referred to the temporary *total* loss of use as well as to the permanent dimness and blurring of vision. Moreover, this was not the "holding" in the case, since Collins was convicted of criminal attempt and not aggravated battery. In addition, we do not know whether he was charged exclusively with the "rendering a member of his body useless" portion of the statute, as we have here, or whether it was an all-inclusive indictment. The *Collins* court expressed the opinion that the evidence would support a conviction of the latter.

Also, the reference to that court's statement that proof of "complete and permanent blindness" was not necessarily referred in context to criminal attempt, the crime there in question, not aggravated battery, as is before us. That is to say, the state need not prove the victim suffered complete and permanent blindness in order to support a conviction of attempt to commit aggravated battery.

"The loss of use" constitutes "rendering a 'member of his body useless,' " wrote the Court in equating the two in *Mitchell*. There it traced the modern crime of aggravated battery to mayhem, and this portion of it to the specific type of mayhem designated as "putting out one eye." If that is what it still means, and it would seem that it does because the legislature has not changed it to include "diminished" or "reduced" loss of use, then at least *substantial* or *virtual* loss of use would have to be proved. Analogous is the situation in *Mathis v. State*, 66 Ga. App. 111, 112 (17 SE2d 194) (1941), where the mayhem offense of "biting off the ear" was held to embrace biting off a "substantial part thereof."

There was no direct evidence in the instant case that the victim suffered any permanent or temporary total loss of use of his eye,[1] although the latter could be inferred from the testimony that it had to be operated on and that the doctor removed a piece of brown glass from under the eyeball in the emergency room. The victim testified from the witness box that he could see the jury but not the faces of the jury, that his sight was "real blurry," and that he could no longer read although he could recognize his name on a piece of paper handed to him. He could not decipher a word pointed out to him, however, nor could he see the face of defendant seated at the defense table; instead, he identified defendant from that distance by his clothing.

Since the jury could conclude from this evidence that there was a substantial loss of eyesight, a substantial loss of the use of that eye, I would agree that the conviction should be affirmed.

DECIDED APRIL 23, 1986.

*William P. Bartles*, for appellant.
*E. Bryon Smith, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.

---

[1] Pretermitting whether temporary total use would constitute the crime.