*Matthew O. Simmons*, for appellee.

### 76960. HARRIS v. THE STATE.
(374 SE2d 565)

Pope, Judge.

Defendant Willie C. Harris was convicted of the offense of aggravated battery (OCGA § 16-5-24). On appeal, he asserts the general grounds and argues that his actions were in self-defense and that the injury was accidental.

Although not without dispute, the facts show that after the victim twice refused defendant's proposal of marriage, the defendant picked up a chair and hit her in her left eye, causing the victim to lose sight permanently in that eye. The evidence also shows that the victim and the defendant had at one time lived together and that during a previous altercation the defendant had hit the victim in her right eye with his fist.

The defendant testified that he did not mean to strike the victim and that he had merely picked up the chair as a defensive maneuver because the victim was attempting to strike him with a metal pipe, which, defendant contends, hit the chair instead of him and bounced back striking the victim in the eye. The victim denies that she picked up a metal pipe or attempted to strike the victim but testified that she did not know whether the defendant's actions in striking her were accidental or intentional.

" 'Where there is a conflict in the testimony of witnesses, their credibility is for the jury, and not this court, to decide.' *Martin v. State*, 95 Ga. App. 519 (98 SE2d 105) (1957). See *Jamison v. State*, 162 Ga. App. 635 (292 SE2d 515) (1982). 'On appeal of a conviction based on a jury verdict' the appellate court examines 'the evidence in a light most favorable to support that verdict' and resolves 'all conflicts in favor of the verdict.' *Anderson v. State*, 245 Ga. 619, 622 (1) (266 SE2d 221) (1980).

"Applying these precepts, the evidence was sufficient for a rational trier of fact to find the essential elements of the offense charged beyond a reasonable doubt. *Magsby v. State*, 169 Ga. App. 637 (1) (314 SE2d 473) (1984); *Taylor v. State*, 178 Ga. App. 817 (1) (344 SE2d 748) (1986) (Beasley, J., concurring specially)." *Hosch v. State*, 185 Ga. App. 71 (1) (363 SE2d 258) (1987). Accord *Flowers v. State*, 181 Ga. App. 572 (1) (353 SE2d 69) (1987); *Harden v. State*, 164 Ga. App. 59 (1) (296 SE2d 372) (1982).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 14, 1988.

*Robert M. Bearden, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Assistant District Attorney*, for appellee.