## A96A2346. BLACKWOOD v. THE STATE.
(480 SE2d 914)

ANDREWS, Chief Judge.

Leroy Blackwood appeals from his conviction of aggravated battery, OCGA § 16-5-24, contending that his trial counsel was ineffective and that the evidence was insufficient to prove the intent required for that offense.

1. We consider the challenge to the sufficiency of the evidence first. In so doing, we view all the evidence in the light most favorable to the verdict, keeping in mind that an appellate court does not weigh the evidence or determine witness credibility, but only determines the legal sufficiency of the evidence under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Brewer v. State*, 219 Ga. App. 16, 17 (1) (463 SE2d 906) (1995).

The indictment charged that Blackwood, on November 22, 1994, "did maliciously cause bodily harm to [victim Smith] by depriving her of an eye, a member of her body; said accused put his fist through a window Ms. Smith was standing in front of at which time the window

broke causing glass to fly into [her] left eye."

Smith and Blackwood had been dating one another, but were estranged about a week before this incident. Blackwood had rented movies the week before and had not returned them because he had gone out of town over the weekend. Around 11:30 or 11:45 p.m. on the evening of November 21, 1994, he went to Smith's apartment to get the videos. Smith did not have a phone, so the visit was unannounced. Smith had a visitor who left through the rear door of her apartment when she realized Blackwood was knocking at the front door "so there wouldn't be any confrontations."

Smith chose not to open the door, but went to a sofa in front of a window adjacent to the door. The window consisted of two side-by-side panes, one of which slid open behind the other. From the inside of the apartment, the open part of the window was to Smith's right. Smith could look out the window, which was several feet above the ground, and see who was on the front stoop. The window could not be climbed into directly from the ground, but someone on the porch could lean to their left over the railing and be partially in front of the window. Smith kneeled on the sofa and opened the window, which had no screen. She asked what he wanted, and Blackwood asked for the videos. She told him to leave and go back where he had been over the weekend. The clamp that was used to secure the window fell behind the sofa, and she did not want to leave for fear he would come in the window. Blackwood had his hand on the window keeping it open. Smith then went to the kitchen and got a steak knife thinking that "if I go . . . try to . . . move his hands with the steak knife, I went to the window and I started jigging at his hand." Blackwood was not cut, but did remove his hand.

At this point, according to Smith, "[Blackwood] . . . went through the window." Glass shattered and seriously cut her left eye. Asked what part of Blackwood's body broke the window, she stated that "I saw his hand. I don't know if it was his fist. I know I saw his arm, his hand, his arm, . . . I know I saw him coming towards the window."

She saw him strike the window, and when asked if it appeared to her that he intentionally put his arm through the window, she answered "[y]es."

Blackwood testified that "I'm standing at the window and she lunges at me with a knife. By that time this happened so fast I actually tried to jump out of the way but in moving I twist my body real fast and accidently bounce into the window and it broke."

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibil-

ity but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, [supra]. *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) [(1991)]; *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) [(1994)]." *Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995).

That there are conflicts and inconsistencies in the testimony of witnesses, including the State's witness, is a matter of credibility for the jury to resolve. *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) (1994). As long as there is some competent evidence, though contradicted, to support each fact necessary to make out the State's case, a jury's verdict will be upheld. *Brewer v. State*, supra.

The evidence here was sufficient. *Dupree v. State*, 217 Ga. App. 684 (1) (458 SE2d 698) (1995); *Taylor v. State*, 178 Ga. App. 817 (1) (344 SE2d 748) (1986).

2. Blackwood contends that his trial counsel was ineffective on several bases.

"A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). A conviction will not be reversed on the basis of ineffective assistance of counsel unless " 'counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " *Carter v. State*, 176 Ga. App. 632, 633 (337 SE2d 413) (1985), quoting from *Strickland v. Washington*, 466 U. S. 668, 669 (104 SC 2052, 80 LE2d 674) (1984).

(a) Blackwood contends counsel was ineffective in not providing written notice to the State of her intent to introduce evidence of prior violent acts of the victim, in failing to present the defense of justification, and in failing to request a jury charge on this defense.

As reflected above, Blackwood testified at the trial that the incident was an accident, that he did not intentionally break the window. He also denied intentionally breaking the window at the hearing on his motion for new trial.

" 'The defenses of self-defense and accident are inconsistent. (Cit.)' *Wilkerson v. State*, 183 Ga. App. 26, 28 (3) (357 SE2d 814) (1987)." *Daniel v. State*, 205 Ga. App. 737, 738 (423 SE2d 432) (1992). Trial counsel testified at the hearing that she discussed both justification and accident with Blackwood.[1] Based on Blackwood's statement of what happened and because Blackwood had previously hit Smith, counsel made the tactical decision not to introduce into evidence Smith's prior acts against Blackwood for fear they would open

---

[1] See generally *Farley v. State*, 265 Ga. 622 (2) (458 SE2d 643) (1995).

the door to his actions against her.

Although appellate counsel may disagree with it, such a tactical decision does not equate with ineffective assistance of counsel. *Hammond v. State*, 264 Ga. 879, 882 (4) (452 SE2d 745) (1995); *Strong v. State*, 264 Ga. 837 (1) (452 SE2d 97) (1995); *Riser v. State*, 222 Ga. App. 348, 349 (474 SE2d 632) (1996); *Williams v. State*, 218 Ga. App. 785, 788 (3) (463 SE2d 372) (1995).

Since the decision to go with the defense of accident was not ineffective assistance, neither was the failure to give notice of justification nor the failure to request a jury instruction on it. Compare *Printup v. State*, 217 Ga. App. 495 (3) (458 SE2d 662) (1995).

(b) Blackwood also contends that counsel was ineffective in failing to object or reserve objections to the court's charge and failing to adequately consult with Blackwood.

In addition to the failure to charge on justification, discussed above, Blackwood contends that the court did not adequately charge on intent because no charge was given on the definition of malice, citing *Wade v. State*, 258 Ga. 324, 330 (11) (d) (368 SE2d 482) (1988).

In *Wade*, however, the court *incorrectly* defined "maliciously" during its charge to the jury. Here, the court charged the jury the language of OCGA § 16-5-24 (a), that "a person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body. . . ." There was no error since the court correctly charged the elements of the offense and the State must prove each element beyond a reasonable doubt. *Taylor v. State*, 178 Ga. App. 817, 818 (2) (344 SE2d 748) (1986).

While Blackwood contends that his trial counsel spent inadequate time preparing his case, counsel testified at the motion for new trial hearing that she was appointed in April 1995, the case was not tried until the next January, and she had spoken with him "many, many times" about the case, including the issues discussed above. Communicating with him was somewhat difficult because he was out on bond and did not give her a correct address or phone number. The State opened its file to trial counsel.

After reviewing the record, the trial court's conclusion that counsel was not ineffective was not clearly erroneous. *Stewart v. State*, 263 Ga. 843, 846 (6) (440 SE2d 452) (1994); *Linson v. State*, 221 Ga. App. 691, 693 (2) (472 SE2d 690) (1996).

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 4, 1997.

*Johnson & Benedict, Richard E. Johnson*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.