A97A2332. WEBB v. THE STATE.
(492 SE2d 312)

ELDRIDGE, Judge.

Robert Bernard Webb appeals his February 26, 1997 conviction for aggravated battery, false imprisonment, and simple battery.

On May 6, 1995, Webb had a date with the victim. At approximately 3:00 a.m. the next morning, the victim took Webb to his parent's home, where Webb took the victim's car keys; grabbed the victim's hair; forced her inside the house; hit the victim three times across the right side of her head; and had sex with her. The victim testified that, after being hit the third time, she heard a popping noise and lost hearing in her right ear; she felt dizzy and light-headed; her head was spinning; her jaw was swollen and felt hot; and she was in a lot of pain. When the victim said she wanted to go home, Webb repeatedly told her that "There's nothing wrong with you. Shut up. Shut up. . . . Stop crying." Webb allowed the victim to leave at 7:00 a.m. that morning. The victim went to the hospital later that day, where she was diagnosed with a ruptured eardrum. The victim was treated for hearing loss for several months, but the injury had healed by the time of Webb's trial.

At the end of the State's case, Webb moved for a directed verdict, asserting that there was no evidence that the victim was deprived of a member of her body, that a member was rendered useless, or that she was disfigured. The motion was denied. The defense presented no witnesses. Webb was convicted on all charges. His motion for new trial was denied, and he appeals. Held:

1. Webb asserts that the trial court erred in failing to give a jury charge on the definition of "maliciously" as it applies to aggravated battery. However, the trial court "correctly charged the elements of the offense and [instructed the jury that] the State must prove each element beyond a reasonable doubt. Taylor v. State, 178 Ga. App. 817, 818 (2) (344 SE2d 748) (1986)." Blackwood v. State, 224 Ga. App. 486, 489 (2) (b) (480 SE2d 914) (1997). Further, the trial court gave definitions of intent and aggravated battery.

The descriptive term "maliciously" has "such obvious signifi-

cance and common understanding that there is no need to define it in the jury charge." (Punctuation omitted.) *Green v. State*, 266 Ga. 550, 551 (468 SE2d 365) (1996), citing *Jones v. State*, 263 Ga. 835, 838 (439 SE2d 645) (1994); *Gaddis v. State*, 176 Ga. App. 526 (336 SE2d 587) (1985); see also *Rosenthal v. Hudson*, 183 Ga. App. 712 (360 SE2d 15) (1987). The defendant did not request a jury charge on the definition of the terms "malice" or "maliciously," nor did he object to the trial court's failure to give such charges. Accordingly, there was no error in the court's failure to charge the jury on the definition of "maliciously."

2. Webb asserts that the trial court should have granted his motion for a directed verdict, claiming that there was no evidence that any member of the victim's body was rendered useless, that she was deprived of a member of her body, or that she was disfigured. "A verdict of acquittal may be directed where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. [Cit.]" (Punctuation omitted.) *Grace v. State*, 210 Ga. App. 718, 719 (2) (437 SE2d 485) (1993). However, on an appeal following a conviction, "the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In this case, there is no dispute as to whether the victim's eardrum was ruptured. While Webb asserts that the problem could have been caused by an unrelated trauma or infection, the victim asserts that it was caused by Webb's striking the side of her head. The evidence presented supports a conclusion that, as a result of the ruptured eardrum, the victim "was deprived of her ability to [hear with that ear] for several weeks during which period her [ear] was rendered useless. To constitute the crime of [aggravated battery], there is no requirement that, in addition to being serious, the member of the victim be permanently rendered useless. The evidence in this case demonstrates, at the very least, serious *temporary* uselessness of [the victim's right ear]. (Emphasis in original.) [Cits.]" (Punctuation omitted.) *Keef v. State*, 220 Ga. App. 134, 137 (1) (a) (469 SE2d 318) (1996); see also *Taylor v. State*, supra; *Magsby v. State*, 169 Ga. App. 637 (314 SE2d 473) (1984); *Jackson v. State*, 153 Ga. App. 584 (266 SE2d 273) (1980). Such evidence is sufficient to justify the trial court's denial of a directed verdict of acquittal.

3. Webb also complains that the trial court erred in instructing the jury that evidence of "reduced use of a member of one's body may be sufficient to render it useless. This, of course, is a matter — a

question of fact for the jury to decide based on the evidence before you."

The trial court's definition of "useless" is supported by the majority's opinion in *Taylor v. State*, supra at 817-818 (1), a case in which the victim suffered an eye wound that resulted in a temporary total loss of vision and potentially permanent blurry vision. This Court held that "[i]t is not necessary that the victim suffer the total loss of his member in order to be the victim of an aggravated battery. [Cit.] Blurred vision is evidence that an eye has been rendered useless. . . . The fortuitous fact that complete and permanent blindness did not result hardly suffices to create a fatal variance between allegata and probata."[1] (Punctuation omitted.) See also *Keef v. State*, supra.

In this case, the evidence presented, viewed in the light most favorable to the verdict, supports a conclusion that the victim suffered a substantial, albeit temporary, loss of hearing as a result of her ruptured eardrum. Even though the specific disputed charge may have been unclear, "[o]n review the charge must be considered as a whole and each part in connection with every other part of the charge. (Cit.)" *Rosenthal v. Hudson*, supra at 714 (5). The jury was charged with the elements of aggravated battery and with the State's burden of proof beyond a reasonable doubt; they were also instructed that they must decide if the ear was rendered useless. As such, any error in the trial court's instructions was harmless.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 17, 1997 —
RECONSIDERATION DENIED SEPTEMBER 30, 1997.

*Michael J. Reily*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Gregory J. Lohmeier, Assistant District Attorneys*, for appellee.

---

[1] However, in a special concurrence to *Taylor v. State*, supra at 820, Judge Beasley asserted that the term "useless" requires that "substantial or virtual" loss of the use of the bodily member must be shown, implying that a slight reduction in use is insufficient to support a conviction for aggravated battery. Even so, she noted that "[s]ince the jury could conclude from this evidence that there was a substantial loss of eyesight, a substantial loss of the use of that eye, I would agree that the conviction should be affirmed." Id.