673 S.E.2d 116 (2009)
In the Interest of A.D., a child.
No. A08A1962.
Court of Appeals of Georgia.
January 28, 2009.
*117 April L. Williams, for appellant.
Paul L. Howard, Jr., District Attorney, for appellee.
PHIPPS, Judge.
The juvenile court adjudicated 14-year-old A.D. delinquent upon its determination that he had committed acts which, if committed by an adult, would have constituted the felony of aggravated battery. Because A.D. has shown no merit in his sole contention that the evidence was insufficient, we affirm.
When considering the sufficiency of the evidence to support a juvenile court's adjudication of delinquency, this court applies the standard set forth in Jackson v. Virginia. Thus, we construe the evidence in favor of the juvenile court's findings and determine whether a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged. We do not resolve conflicts in the evidence or determine the credibility of the witnesses. Those issues are for the juvenile court to decide.[1]
"A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof."[2] Viewed in the light most favorable to support the juvenile court's adjudication, the evidence showed that on March 1, 2008, A.D.'s mother overheard A.D. use profanity in ordering his younger sister to leave him alone. The mother thus went into the room where her children were and asked A.D. why he was cursing. He responded that he was "grown," then continued to threaten to hurt his sister. The mother warned her son that if he did not stop, she would punch him in his mouth. A.D. appeared to his mother not to care; he "got smart" with her and continued "talking back" to her. When she slapped his face, A.D. told her that if she struck him again, he would "beat [her] motherfucking ass." Thereupon, his mother hit his face again, and A.D. sprang toward his mother, grabbed his mother's waist, and tackled her to the wooden floor, where he pinned her down until other family members physically intervened and dragged him outside the house. When she was knocked down, the mother's right knee was injured to the point that she could not stand on that leg. She sat down in pain, but warned A.D. that when her leg felt better, she would "beat his ass."
About ten minutes later, when her leg felt somewhat better, the mother hopped outside and hit A.D.'s arm with a wooden broom. When she struck A.D. again on his arm with the broom, he tackled her to the ground. Her knee pain immediately worsened; she could not stand at all; and she was taken by ambulance to a hospital emergency room. Three weeks later, at the delinquency hearing, the mother reported that, due to the injuries to her knee, she still required the use of crutches to walk and still could not apply pressure on the injured knee.
A.D. argues on appeal that the juvenile court erred by rejecting his affirmative defense, asserting that he was justified in tackling his mother to prevent her from harming him with the broom.
A person is justified in . . . using force against another when and to the extent *118 that he or she reasonably believes that such . . . force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force. . . . [A] person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury to himself or herself or a third person or to prevent the commission of a forcible felony.[3]
Once evidence of self-defense is presented, the burden is on the state to disprove that defense beyond a reasonable doubt; the determination of whether the state has met that burden rests with the factfinder.[4]
The evidence showed that because of her son's disrespect and misconduct toward her, A.D.'s mother threatened him and administered corporal punishment. She testified that she had not been concerned that the strikes would physically hurt the teenager because she "did not hit him that hard" on his face and "did not hit him too hard with the broom."[5] The evidence showed that A.D. reacted against his mother with such force that it rendered her knee incapacitated for at least three weeks. Furthermore, the mother testified that before being tackled that day, she had experienced no problem with her knee. Given the totality of the circumstances, including A.D.'s prior express threats to his mother, the juvenile court was authorized to find that, notwithstanding his mother's threats and actions toward him, A.D.'s acts  grabbing, shoving, and pinning his mother down and with such force so as to cause injury to her knee requiring the use of crutches to walk  exceeded the bounds of justification.[6] Consequently, A.D. has shown no error in the juvenile court's rejection of his justification defense and adjudicating him delinquent for committing acts, which if committed by an adult, would have constituted aggravated battery.[7]
Judgment affirmed.
JOHNSON, P.J., and BARNES, J., concur.
NOTES
[1] In the Interest of S.K., 289 Ga.App. 672, 658 S.E.2d 220 (2008) (footnote omitted), citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[2] OCGA § 16-5-24(a).
[3] OCGA § 16-3-21(a).
[4] Riley v. State, 250 Ga.App. 427, 428(1), 551 S.E.2d 833 (2001).
[5] See generally OCGA § 16-3-20(3) (concerning reasonable discipline of a minor by his parent); Buchheit v. Stinson, 260 Ga.App. 450, 456, 579 S.E.2d 853 (2003) (physical precedent only) (analyzing reasonable discipline administered through corporal punishment).
[6] See In the Interest of A.M., 248 Ga.App. 241-242(1), 545 S.E.2d 688 (2001) (evidence authorized finding that juvenile exceeded the bounds of self-defense).
[7] See King v. State, 255 Ga.App. 191, 564 S.E.2d 815 (2002) (victim's testimony that defendant caused her bodily harm by slamming her on floor and thereby causing paralysis in her legs was sufficient to prove aggravated battery); Magsby v. State, 169 Ga.App. 637(1), 314 S.E.2d 473 (1984) (although victim could walk for short distances with aid of braces and walker, legs had been rendered useless for purposes of aggravated battery statute); Jackson v. State, 153 Ga.App. 584-585(1), 266 S.E.2d 273 (1980) (ear was rendered useless despite fact that it was capable of hearing a "slight beep" when aided by ear phones).