A09A0290. COUNCIL v. THE STATE.
(676 SE2d 411)

JOHNSON, Presiding Judge.

A jury found Tifiloe Maurice Council guilty of armed robbery, making terroristic threats, possessing a knife during the commission of a crime, fleeing or attempting to elude a police officer, and several traffic offenses in connection with the holdup of a convenience store in Columbia County. Council alleges that the trial court erred in denying his request to have his leg shackles removed during trial. Finding no prejudicial error, we affirm.

While in the presence of the jury, a defendant "should be free of indicia of guilt such as wearing shackles or prison garb, or being surrounded by uniformed security personnel, or anything else that might infringe upon the presumption that he is innocent."[1]

> Although it is well settled that a defendant is entitled to a trial free of partiality which the presence of excessive security measures may create, it is also as well established that the use of extraordinary security measures to prevent dangerous or disruptive behavior which threatens the con-

---

[1] *Collins v. State*, 164 Ga. App. 482, 484 (4) (297 SE2d 503) (1982).

duct of a fair and safe trial is within the discretion of the trial court.[2]

The burden is on the defendant to show that any extraordinary security measures have violated his constitutional rights.[3]

Here, the trial court denied Council's request to remove his leg shackles after both the assistant district attorney and Council's trial counsel walked through the jury box to determine if the shackles could be seen by the jurors. The assistant district attorney stated that he could not see the shackles from "anywhere in the jury box," and Council's trial counsel acknowledged that "it may very well be that no jurors can see the leg shackles." The trial court stated that it would make an effort to shield the jurors from seeing the shackles, and it allowed Council to walk to and from the witness stand while no jurors were present in the courtroom in order to prevent them from being aware of the leg shackles.

In denying Council's request to remove the shackles, the trial court considered the charges against Council. Those charges included (i) involvement in a high-speed chase in which he attempted to elude a pursuing police vehicle and during which he committed a hit and run,[4] and (ii) fleeing from police officers on foot and causing numerous law enforcement officers to conduct the search that eventually resulted in his capture.

The trial court also considered the nature of Council's defense. Council claimed that he was compelled by his accomplice to commit the armed robbery, which included holding a knife to the victim's throat and telling her he was going to kill her, and that he was delusional, delirious, and "not in [his] right mind" when the crimes were committed. Council also introduced evidence of his treatment at East Central Regional Hospital following his arrest, which showed that he was "at risk for unpredictable behavior" and had made threats against hospital staff. Finally, a forensic psychologist at East Central Regional Hospital testified that Council was prescribed mood stabilizing and anti-psychotic medication, but that he stopped taking the medication prior to trial because he did not want to pay for it.

Citing *Allen v. State*,[5] Council alleges that the trial court erred in denying his motion to remove the leg shackles because the state did not present any evidence showing that he had threatened or

---

[2] *Young v. State*, 269 Ga. 478, 479 (2) (499 SE2d 60) (1998); see also *Kitchen v. State*, 263 Ga. 629, 629-630 (1) (436 SE2d 645) (1993).

[3] *Collins*, supra.

[4] See OCGA § 40-6-270.

[5] 248 Ga. App. 79, 81-82 (2) (545 SE2d 629) (2001).

struggled with guards, court officials, or jurors or that he had been disruptive during trial or attempted to escape after being taken into custody. In *Allen*, however, the shackles infringed upon the defendant's presumption of innocence because even the state did not dispute that "the jurors would have an easy view of Allen's feet, legs and hands."[6] In addition, the cases cited by *Allen* involved defendants whose shackles were viewed by the jury and in which the trial court apparently took no steps to prevent the jury from seeing the defendant's restraints.[7]

Here, in contrast, the evidence showed that the jurors were not able to see Council's leg shackles from the jury box, and the trial court took steps to keep the jurors unaware of the shackles. As a result, pretermitting whether the trial court correctly determined that the use of leg shackles was warranted by the threat that Council posed, Council has failed to show that the shackles interfered with his ability to receive a fair trial.[8] Because the presence of the leg shackles was harmless beyond a reasonable doubt, the trial court's refusal to remove them does not require a reversal of Council's convictions.[9]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 26, 2009.

*Jason R. Hasty*, for appellant.
*Rebecca A. Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[6] Id. at 82 (3).

[7] See *Pace v. State*, 212 Ga. App. 489, 491 (442 SE2d 307) (1994) (Beasley, P. J., concurring specially) ("There is nothing in the record to show that these measures were minimized in any way in front of the jury, such as keeping defendant seated with the leg irons out of view in the jury's presence."); *Hicks v. State*, 200 Ga. App. 602, 603 (409 SE2d 82) (1991) (physical precedent only) (trial court failed to "take precautions to shield the restraints from the jury's view"); *Mapp v. State*, 197 Ga. App. 7, 8 (397 SE2d 476) (1990) (jurors "viewed the defendant in shackles").

[8] See *Nance v. State*, 280 Ga. 125, 127 (3) (623 SE2d 470) (2005) (trial court determined stun belt was warranted by threat posed by defendant and would not interfere with his ability to receive a fair trial).

[9] *Cotton v. State*, 223 Ga. App. 288, 290 (4) (477 SE2d 425) (1996) ("There is no support in the record for Cotton's claim that the jury was allowed to see him in handcuffs and shackles. Accordingly, there is no support for the claim that this had a prejudicial effect on the jury requiring a new trial."); *Reid v. State*, 210 Ga. App. 783, 785 (1) (437 SE2d 646) (1993).