A02A0122. IN THE INTEREST OF W. B., a child.
(564 SE2d 816)

BLACKBURN, Chief Judge.

Following a full hearing in the juvenile court, W. B. appeals his adjudication of delinquency for simple battery, arguing that the evidence was insufficient to support the adjudication. We affirm.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juveniles committed the acts charged.

*In the Interest of S. P.*[1] See also *Jackson v. Virginia.*[2] An appellate court does not determine the weight of the evidence or determine the credibility of witnesses, but only determines whether the evidence is sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *In the Interest of G. J.*[3]

A person commits simple battery when he or she either intentionally makes physical contact of an insulting or provoking nature with another person or intentionally causes physical harm to another. OCGA § 16-5-23 (a). The evidence, in this case, viewed with every inference in favor of the adjudication of delinquency, clearly establishes that the elements of simple battery were satisfied.

Viewed in this light, the record shows that the Waterford Home Owners' Association asked its security guard, Mike Bailey, to speak with a large group of males refusing to get out of the roadway at the entrance to the subdivision. Bailey drove the security cart up to a group of males in the roadway. Jamal Driver, a juvenile and one of the males, was cursing Bailey and refused to speak with him when Bailey told him that he wanted to take him home to speak with his

---

[1] *In the Interest of S. P.*, 240 Ga. App. 827 (525 SE2d 403) (1999).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *In the Interest of G. J.*, 251 Ga. App. 299, 301 (554 SE2d 269) (2001).

parents. Driver walked, but Bailey followed. Bailey placed Driver in the cart. W. B., whom Bailey knew because his mother had lived in the subdivision, then came up the street in a "very aggressive manner" and refused the commands of Bailey to stay away. Bailey grabbed W. B. for his safety and to hold or place him on the ground. Driver jumped on Bailey's back, and W. B. began striking him. Bailey suffered a deep abrasion to his knee. Bailey and Driver as well as several other witnesses for the defense testified at the trial.

In this case, the evidence was sufficient for the juvenile court, as finder of fact, to find the essential elements of the crime beyond a reasonable doubt.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 30, 2002.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree*, for appellant.

*William T. McBroom III, District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.