A09A0742. IN THE INTEREST OF B. B., a child.

(680 SE2d 497)

PHIPPS, Judge.

Following a series of incidents involving 14-year-old B. B. and her father, the juvenile court adjudicated B. B. delinquent for acts that, if committed by an adult, would have constituted simple battery and criminal trespass, and it adjudicated B. B. unruly for being a runaway juvenile and for being habitually disobedient of her father and entered dispositional orders setting out a plan of remediation for B. B. On appeal, B. B. contends that the evidence was insufficient to support the court's adjudications. For reasons set forth below, we find the evidence sufficient to show that B. B. committed the acts of simple battery and criminal trespass upon which the court based its adjudication of delinquency. We also find evidence sufficient to show that B. B. committed the act of habitual disobedience, and that she committed one alleged act of being a runaway upon which the court based its adjudication of unruliness. But we find the evidence insufficient to show that B. B. committed the other alleged act of being a runaway upon which the court based

its adjudication of unruliness. Accordingly, we affirm the adjudications of delinquency and unruliness but vacate in part the dispositional order and remand for reconsideration.

We apply the standard set forth in *Jackson v. Virginia*[1] to determine whether the evidence was sufficient to support the juvenile court's adjudication that a juvenile was delinquent or unruly.[2] "Thus, we construe the evidence in favor of the juvenile court's findings and determine whether a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged."[3]

So construed, the evidence showed that on June 5, 2008, B. B.'s father asked her to retrieve the mail. After doing so, B. B. threw the mail at her father; the two got into a verbal dispute; the father put his finger three or four inches away from B. B.'s face; and the girl slapped her father's hand. B. B. then locked herself in her room, and her father beat on the door. B. B. opened the door, and as her father walked toward her, B. B. hit him. The two "tussled, fell on the bed," and were "basically wrestling." B. B. pushed her father, who was disabled; he fell and "rolled over on the floor," B. B. "fell on top of [him]," and "[his] prosthesis came off." B. B. then left the residence without her father's consent. Following this episode, the state filed a petition seeking that B. B. be adjudicated delinquent for acts constituting simple battery and a petition seeking that B. B. be adjudicated unruly for being a runaway juvenile.

. On July 21, 2008, B. B. left her residence with instructions from her father to return in an hour. When she had not returned after approximately three hours, her father called the police. B. B. ultimately returned on her own more than ten hours after she left, and she and her father argued. Based upon these events, the state filed a petition seeking that B. B. be adjudicated unruly on two grounds: that she was habitually disobedient of her father and that she was a runaway juvenile.

On July 31, 2008, B. B. left her residence with instructions from her father to return in 45 minutes, but she did not return within that time. B. B.'s father testified that she was habitually disobedient of his commands because she had not returned as instructed. Also on July 31, B. B. kicked a hole in the kitchen wall. She told her father that she had tried to kill a roach, but the father could not find any roach. Following these events, the state filed a petition seeking that B. B. be adjudicated delinquent for acts constituting criminal tres-

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] See *In the Interest of D. B.*, 284 Ga. App. 445, 446 (644 SE2d 305) (2007).

[3] Id. (footnote omitted).

434

pass for damaging the kitchen wall.

The juvenile court found that B. B. had committed the acts alleged in the various petitions, and it adjudicated B. B. delinquent and unruly.

1. B. B. contends that the evidence did not demonstrate that she had acted in a manner that would have constituted simple battery had she been an adult. In support of this contention, she points to her testimony that she did not push her father and that her father initiated the altercation and attempted to choke and bite her.

"A person commits the offense of simple battery when he or she either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another."[4] B. B.'s father testified that, during their altercation, B. B. slapped his finger, hit him, and pushed him with sufficient force that he fell on the floor and dislodged his prosthesis. This evidence authorized the court to find that, had B. B. been an adult, her actions in the altercation with her father would have constituted simple battery.[5] The fact that B. B. had a different account of the altercation, or that her father did not remain passive during the altercation, does not require a different result.[6] We find no error and affirm the court's adjudication of delinquency based upon actions by B. B. that would constitute simple battery if committed by an adult.

2. B. B. contends that the evidence did not demonstrate that she had committed acts that would have constituted criminal trespass had she been an adult. "A person commits the offense of criminal trespass when he or she intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less[.]"[7] While B. B. admitted that she damaged the kitchen wall, she asserts that she did not intentionally cause this damage, but instead accidentally kicked a hole in the wall while trying to kill a roach. The court, however, was not required to accept

---

[4] OCGA § 16-5-23 (a).

[5] See *In the Interest of W. B.*, 255 Ga. App. 192, 193 (564 SE2d 816) (2002) (acts of juvenile, who struck security guard causing abrasion to guard's knee, would have constituted simple battery if committed by adult); *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986) (factfinder could infer from evidence that defendant hit victim with beer cooler that victim suffered physical harm, in support of simple battery conviction).

[6] See *In the Interest of A. D.*, 295 Ga. App. 750, 752 (673 SE2d 116) (2009) (totality of circumstances authorized juvenile court to find that teenage boy had committed acts against his mother that would have constituted battery if committed by an adult, notwithstanding mother's threats and aggressive actions toward boy); *In the Interest of S. K.*, 289 Ga. App. 672 (658 SE2d 220) (2008) (appellate court does not resolve conflicts in the evidence or determine the credibility of witnesses in reviewing adjudication made by juvenile court).

[7] OCGA § 16-7-21 (a).

B. B.'s explanation.[8] We find no error and affirm the court's adjudication of delinquency based upon actions by B. B. that would constitute criminal trespass if committed by an adult.

3. B. B. contends that the evidence was not sufficient to adjudicate her unruly. The court based its adjudications of unruliness upon the findings that B. B. habitually disobeyed her father and was a runaway.

(a) OCGA § 15-11-2 (12) (B) defines an "unruly child" as one who "[i]s habitually disobedient of the reasonable and lawful commands of his or her parent . . . and is ungovernable." The parties have not pointed to any Georgia authority defining habitual disobedience under this statute, and we have found none. The testimony of B. B.'s father, however, demonstrated that on successive occasions B. B. disobeyed her father's instructions to return to the residence at a specific time. We find this testimony sufficient to support the court's adjudication of B. B. as unruly for habitual disobedience, and therefore affirm that adjudication.

(b) OCGA § 15-11-2 (12) (D) defines an "unruly child" as one who "[w]ithout just cause and without the consent of his or her parent or legal custodian deserts his or her home or place of abode." For a child to desert her home within the meaning of this provision, she must leave her home without an intent to return to it.[9] B. B. contends that she could not be adjudicated unruly under this provision, because there was no evidence that she left her home without an intent to return to it on either June 5 or July 21, the two occasions alleged in the petitions.

(i) B. B. testified that, after leaving her residence on June 5, she went to a friend's house and then arranged to be taken to her grandmother's house. She did not take a suitcase. B. B. contends that these facts demonstrate that she did not leave her home without an intent to return. But she admitted that she left the house without her father's permission and did not return of her own volition, but instead was retrieved from her grandmother's house by the police. Under these circumstances, the trial court was authorized to find that B. B. left home without an intent to return on June 5, and it did not err in finding that B. B.'s actions on that date authorized an adjudication that she was unruly under OCGA § 15-11-2 (12) (D), and we therefore affirm that adjudication.

(ii) The evidence, however, was insufficient to show that B. B. left home without an intent to return on July 21. B. B. testified that, more than one time on that date, she returned to her residence but

---

[8] See *In the Interest of J. M.*, 237 Ga. App. 298, 299-300 (1) (513 SE2d 742) (1999).
[9] *In the Interest of D. B.*, supra at 449 (3).

was unable to enter because no one was there and she did not have a key. And B. B. eventually returned home of her own volition. Under these circumstances, the court erred in finding that B. B.'s actions on July 21 authorized an adjudication that she was unruly under OCGA § 15-11-2 (12) (D).[10] Because this basis for the court's adjudication of B. B. as unruly lacked sufficient evidentiary support, we vacate that part of the dispositional order setting forth a plan for remediation and remand the case to the juvenile court to determine whether a different disposition is warranted and to enter an order consistent therewith.[11]

*Judgment affirmed in part and vacated in part, and case remanded with direction. Smith, P. J., and Bernes, J., concur.*

DECIDED JUNE 17, 2009.

*Preston J. Meche II, Craig T. Pearson*, for appellant.
*Tom Durden, District Attorney, Johnathan C. Gaskin, Assistant District Attorney*, for appellee.

---

[10] See id. (state failed to show child was unruly in violation of OCGA § 15-11-2 (12) (D) where evidence showed he returned home of his own volition).

[11] See id. (remanding case to juvenile court for reconsideration of disposition after finding that evidence did not support some bases upon which court adjudicated child delinquent).