## A03A1370. WILLIAMS v. THE STATE.
### (588 SE2d 755)

MIKELL, Judge.

A Chatham County jury found Arnold Williams guilty of two counts of aggravated battery. On appeal, Williams claims that he received ineffective assistance of counsel and that the evidence was insufficient to support the verdict. We disagree and affirm.

Viewed in a light most favorable to the verdict, the evidence shows that on March 16, 2001, Charles Orr drove to an Amoco service station to purchase gasoline and lottery tickets. Orr got in line and waited for his turn. Williams came into the store and got in line behind Orr. Williams tapped Orr on the shoulder and told Orr that Orr had Williams's money. Orr denied the accusation. Williams then hit Orr, who tried to use a barrel to keep separated from Williams while repeatedly insisting that he did not have Williams's money. When the other people in the store became concerned, Williams announced that he had dropped $400 on the floor and that Orr had picked it up. Williams continued to attack Orr, who was unable to fend off Williams's attacks using the barrel. Although Orr had contracted polio as a child, restricting his movement, and was a smaller person than Williams, he decided to fight back.

During the ensuing fight, Orr's eye was injured and Orr began "bleedin[g] like a hog." The fight ended after Orr was struck in the

---

[26] Id. at 1309.
[27] See *Young*, supra.

eye, and someone announced that the police had been called. Williams left before the police arrived. Orr was taken directly to the hospital for treatment, which resulted in the removal of his eye. Orr had not been able to see out of the eye before it was injured in the fight.

1. Williams argues that because he acted with justification and not malice, and because the state failed to establish a causal connection between his altercation with Orr and the loss of Orr's eye, that the evidence was insufficient to support his conviction for aggravated battery. We disagree.

"A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof."[1]

Williams testified that Orr picked up Williams's money, pushed Williams while trying to leave the store with the money, and then struck Williams first. Williams contends he was justified in attempting to prevent Orr from leaving with the money and to defend himself from Orr. But given the conflict in the testimony, "[w]hether or not defendant's conduct was justified was a question for the jury to resolve."[2]

Williams also contends that because Orr testified that he could not see out of his eye before the fight that the evidence does not show that Orr's eye was removed because of injury received from Williams. We disagree because there is evidence that Orr's eye was injured and began bleeding profusely during the fight and because Orr testified that the eye was removed at the hospital immediately after the fight. "Expert testimony is not required in an aggravated battery case to prove the loss of use of an eye. The victim's testimony as to his loss of eyesight will support the verdict. . . ."[3] Even though Orr's eye was not functional before the fight, evidence shows it was removed as a result of the fight, depriving Orr of that body part, which is sufficient harm to show aggravated battery by depriving Orr of a "member of his . . . body."[4] We conclude that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Williams was guilty of aggravated battery.[5]

2. Williams next claims that he received ineffective assistance of counsel. Again, we disagree. "To show ineffective assistance of coun-

---

[1] OCGA § 16-5-24 (a).
[2] (Citation omitted.) *White v. State*, 210 Ga. App. 563, 564 (436 SE2d 584) (1993).
[3] *Mitchell v. State*, 238 Ga. 167, 168 (231 SE2d 773) (1977).
[4] OCGA § 16-5-24 (a).
[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

sel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense."[6]

Williams alleges his trial counsel was ineffective because, after the state failed to prove that there was a causal connection between Williams's actions and Orr's loss of his eye, his trial counsel failed to move for a directed verdict. The jury was, however, entitled to draw such a causal connection. Trial counsel does not provide ineffective assistance by failing to make a meritless objection.[7]

Secondly, Williams claims his trial counsel was ineffective by failing to request a charge on the lesser included offense of battery.

> Decisions as to which charges will be requested and when they will be requested fall within the realm of trial tactics and strategy. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.[8]

Furthermore, "[i]n the absence of testimony to the contrary, counsel's actions are presumed strategic."[9] We cannot say that trial counsel's failure to request a charge on a lesser included offense was patently unreasonable in this case.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 12, 2003 — 

*Martin G. Hilliard*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.

---

[6] (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 87 (4) (526 SE2d 347) (2000).

[7] See *Fults v. State*, 274 Ga. 82, 87 (7) (548 SE2d 315) (2001).

[8] (Citation omitted.) *Champion v. State*, 238 Ga. App. 48, 49 (1) (b) (517 SE2d 595) (1999).

[9] (Citation and punctuation omitted.) *Banks v. State*, 244 Ga. App. 191, 193 (1) (d) (535 SE2d 22) (2000).