## A11A1114. BENYARD v. THE STATE.
(714 SE2d 746)

MIKELL, Judge.

Condell Benyard, convicted following a bench trial of possession of a firearm by a convicted felon, attempting to elude police officers, and a taillight violation, appeals from the trial court's denial of his motion for new trial, contending that the evidence was insufficient to support his conviction of possession of a firearm by a convicted felon. Finding no error, we affirm.

Under *Jackson v. Virginia*,[1] the sufficiency of the evidence is measured by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." It is solely within the purview of the factfinder to weigh conflicting evidence and judge the credibility of the witnesses.[2]

So viewed, the evidence showed that, late in the evening of

[1] (Emphasis omitted.) 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).
[2] OCGA § 24-9-80; *Cantrell v. State*, 231 Ga. App. 629 (500 SE2d 386) (1998).

November 10, 2007, Police Officer Victor Singleton was on patrol in Albany, when he noticed a vehicle with a dealer's tag and no tag light. He requested that a marked unit pull the car over for a traffic stop. Police Officer Dara Salter responded in a marked unit and attempted to pull over the Cadillac driven by Benyard. The Cadillac was traveling east on 7th Avenue in Albany when it veered to the right and crashed on the railroad tracks. Before coming to rest, the Cadillac tilted up on two wheels on the passenger's side and then fell back down. Officer Salter had also observed the dealer tag and the inoperative tag light. Officer Salter approached the driver's side of the Cadillac and saw that Benyard appeared to be unconscious. She further observed that his right arm was wrapped around the stock of what appeared to the officer to be an AK-47 rifle. Officer Salter grabbed the rifle and secured it in the trunk of her vehicle. Officer Singleton observed Officer Salter remove the rifle from the driver's side of the Cadillac. At this point, Benyard was still in the Cadillac's driver's seat. Police Officer Pete Patel also responded to the scene and found passenger Nikita McGriff conscious and sitting in the passenger side floorboard of the Cadillac, facing the passenger door. Officer Patel assisted McGriff out of the car and observed a .9 millimeter handgun underneath McGriff's buttocks. When Officer Patel first approached the Cadillac, he observed Officer Salter pulling a big gun "from where [Benyard] was sitting at." The rifle was loaded, with a bullet in the chamber and additional rounds in the magazine. A certified copy of Benyard's 1998 conviction of a 1997 armed robbery was entered into evidence.

Benyard's brother, Ricky Benyard, testified that sometime in October 2007, he observed Nikita McGriff near Condell Benyard's house trying to sell handguns, although he did not observe any guns. On November 10, 2007, Ricky Benyard also saw Condell Benyard give McGriff a ride in the Cadillac.

Condell Benyard testified that, on November 10, 2007, he offered McGriff a ride home. He went into his girlfriend's house to tell her this and when he came back out, McGriff was already in the Cadillac. Benyard did not see McGriff put anything into the car. Benyard, who had no driver's license, saw the blue lights of the police car, but did not stop. Also, Benyard testified that McGriff pulled a handgun on him and told him not to stop the car. According to Benyard, he stopped at the light at 7th Avenue and Jefferson, but, due to problems with his blood sugar, he had no recollection of anything else that occurred until he woke up in the hospital. Although Benyard acknowledged that the rifle was large and would have been hard to hide, he denied that he possessed it or had any knowledge that the gun was in the car. Benyard's theory was that McGriff had obtained the rifle from the rear seat and placed it under

his arm while the car was tilting and coming to rest on the train tracks.

We conclude that any rational trier of fact could have found the essential elements of OCGA § 16-11-131 (b) beyond a reasonable doubt.[3]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED JULY 22, 2011.

*Kevin C. Armstrong*, for appellant.
*Gregory W. Edwards, District Attorney, Steven H. Lee, Assistant District Attorney*, for appellee.

---

[3] *Jackson v. Virginia*, supra; accord *Driscoll v. State*, 295 Ga. App. 5, 7-8 (1) (b) (670 SE2d 824) (2008).