A11A2394. HENDERSON v. THE STATE.

(721 SE2d 216)

MILLER, Presiding Judge.

Following a bench trial, Malcolm Henderson was convicted of child molestation (OCGA § 16-6-4 (a)) and enticing a child for indecent purposes (OCGA § 16-6-5 (a)). On appeal, Henderson contends that the evidence was insufficient to support the trial court's judgment of conviction. We disagree and affirm.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the prosecution to determine whether the evidence was sufficient to prove guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). "It is solely within the purview of the factfinder to weigh

---

conflicting evidence and judge the credibility of the witnesses." (Footnote omitted.) *Benyard v. State*, 311 Ga. App. 127 (714 SE2d 746) (2011).

So viewed, the evidence shows that on October 11, 2008, the 13-year-old male victim was walking to church in the rain. Henderson approached the victim and offered the victim a ride in his car. The victim accepted and entered Henderson's vehicle. Rather than driving the victim to church, however, Henderson took the victim to his house. After luring the victim inside the house, Henderson played a pornographic video. Henderson then pulled down his pants and began masturbating. Henderson offered the victim five dollars "to jack off with [him]." When Henderson pulled down the victim's pants and touched his penis, Henderson threatened to kill the victim if he did not cooperate. The victim pretended that he needed to use the bathroom in order to remove himself from Henderson's presence. The victim was then able to escape through the front door of Henderson's home and run to his church. Upon arriving at the church, the victim told his pastor what had transpired at Henderson's home. The pastor called the police. The victim gave the investigating officer a statement, disclosing the molestation incident.

"A person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." OCGA § 16-6-5 (a). "A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person . . . ." OCGA § 16-6-4 (a) (1). The indictment averred that Henderson committed the offense of enticing a child for indecent purposes by offering the victim an automobile ride to church but instead transporting the victim to Henderson's residence for the purpose of committing child molestation, and that Henderson committed the offense of child molestation by masturbating in the presence of the victim and by fondling the victim's penis with the intent to arouse and satisfy Henderson's sexual desires.

Contrary to Henderson's argument on appeal, the evidence adduced at trial was sufficient to enable any rational trier of fact to find Henderson guilty beyond a reasonable doubt of the offenses as charged in the indictment. See *Vaughn v. State*, 301 Ga. App. 391, 392 (687 SE2d 651) (2009). "The victim's testimony, standing alone, was sufficient to prove the charged crimes." (Citation and punctuation omitted.) Id. Moreover, the testimony of the victim's church pastor and the interviewing police officer concerning what the victim told them was admissible as substantive evidence under the Child

Hearsay Statute, OCGA § 24-3-16.[1] Id.

Accordingly, the evidence was sufficient to support the conviction on the counts of child molestation and enticing a child for indecent purposes.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED DECEMBER 14, 2011.

*Sara E. Meyers, Harold W. Wallace III*, for appellant.
*Dennis C. Sanders, District Attorney, Durwood R. Davis, Kevin R. Majeska, Assistant District Attorneys*, for appellee.

---

[1] OCGA § 24-3-16 provides that

[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.