**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 7, 2012**

# In the Court of Appeals of Georgia

A12A0193. LAMB v. THE STATE.

BARNES, Presiding Judge.

A jury convicted Cheryl June Lamb of aggravated battery, and the trial court denied her motion for new trial. On appeal, she maintains that the evidence was insufficient to support her conviction. We disagree and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Footnote omitted.) *Jones v. State*, 283 Ga. App. 631 (642 SE2d 331) (2007).

So viewed, the evidence showed that on September 7, 2008, Lamb fell to the floor when the victim tried to prevent her from attacking the victim's mother during a family dispute. The next day, the victim was visiting with some friends who worked at a convenience store in Johnson County when Lamb, along with several other individuals, entered the store. Lamb pointed at the victim and said, "[T]hat's her." Approaching the victim, Lamb screamed, "[Y]ou fixin' to pay for what you done," and she and the others pushed the victim to the floor. As the other individuals were hitting the victim on her head and back, Lamb was "digging" into the victim's left eye with one of her acrylic nails. According to the victim, she lost some of her peripheral vision and could no longer see as well out of her left eye as a result of the attack by Lamb.

Lamb was indicted for committing aggravated battery by scratching the victim in the eye, rendering it useless.[1] At trial, the victim testified to the events as set out above, and several eyewitnesses corroborated the victim's version of events. In contrast, Lamb presented her own eyewitnesses and testified that if her nail went into

---

[1] Lamb also was indicted for committing aggravated assault and making terroristic threats, but the jury acquitted her of those two offenses.

the victim's eye, it was unintentional. After hearing all of the testimony, the jury convicted Lamb of aggravated battery.

One way to commit the offense of aggravated battery is to maliciously cause bodily harm to another "by rendering a member of his or her body useless." OCGA § 16-5-24 (a). Eyes are "members" under the aggravated battery statute. See *Williams v. State*, 262 Ga. App. 698, 699 (1) (588 SE2d 755) (2003); *Blackman v. State*, 178 Ga. App. 88, 89 (1) (342 SE2d 24) (1986). And "it is not necessary that the victim suffer the total loss of [her] member in order to be the victim of an aggravated battery." (Punctuation and footnote omitted.) *Webb v. State*, 228 Ga. App. 624, 626 (3) (492 SE2d 312) (1997). See *Christensen v. State*, 245 Ga. App. 165, 167 (2) (537 SE2d 446) (2000). Hence, evidence of blurred or decreased vision can be sufficient to show that an eye has been rendered useless. See *Payne v. State*, 273 Ga. App. 483, 484 (1) (615 SE2d 564) (2005); *Taylor v. State*, 178 Ga. App. 817, 817-818 (1) (344 SE2d 748) (1986) (physical precedent only). Furthermore, expert medical testimony is not required in an aggravated battery case to prove the loss of the use of an eye; it is sufficient that the victim testify as to the loss of eyesight. See *Williams v. State*, 262 Ga. App. at 699 (1).

Here, there was testimony that Lamb used her acrylic nail to dig into the victim's left eye during the fight at the convenience store, and that Lamb's actions caused the loss of some peripheral vision in the eye. We conclude that this testimony was sufficient to authorize a rational trier of fact to find Lamb guilty of aggravated battery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). While Lamb testified to a different version of events and claims on appeal that the victim's testimony was unpersuasive and lacked credibility, it was the role of the jury, not this court, to assess credibility and resolve any conflicts between the testimony of the witnesses. See *Biggins v. State*, 299 Ga. App. 554, 556 (1) (683 SE2d 96) (2009). The jury clearly resolved those conflicts against Lamb, and, therefore, we affirm her conviction.

*Judgment affirmed. Adams and McFadden, JJ., concur.*