**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

October 31, 2012

# In the Court of Appeals of Georgia

A12A1980. ROLLINS v. THE STATE.

BARNES, Presiding Judge.

A jury found Marquis Rollins guilty of child molestation and enticing a child for indecent purposes. The trial court denied his motion for a new trial. Rollins appeals, contending that the evidence was insufficient to support his convictions. We disagree and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and [Rollins] no longer enjoys the presumption of innocence. We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain that the evidence is sufficient to prove each element of the crime beyond a reasonable doubt. Moreover, conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.

(Citation omitted.) *Vaughn v. State*, 301 Ga. App. 391 (687 SE2d 651) (2009).

Viewed in the light most favorable to the jury's verdict, the evidence showed that on May 27, 2006, the ten-year-old female victim encountered Rollins on the stairwell outside of her grandmother's apartment. As she walked up the stairs, Rollins came up behind her, grabbed her by the arms, and pulled her into an empty apartment. The victim kicked her legs and told Rollins to stop, but he forced her into a back bedroom. Rollins pushed the victim onto the floor, removed her clothing, and had vaginal intercourse with her even though she told him to stop.

Rollins was arrested and indicted on charges of child molestation and enticing a child for indecent purposes.[1] At trial, the victim testified about her encounter with Rollins as set out above. Rollins took the stand and denied attacking the victim. After hearing the conflicting testimony, the jury convicted Rollins. He moved for a new trial, the trial court denied the motion, and this appeal followed.

A person is guilty of child molestation when he "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent

---

[1] Rollins also was indicted on charges of rape and kidnapping but was acquitted of those offenses.

2

to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a) (2006). In the present case, the "immoral or indecent act" alleged in the indictment was that Rollins placed his penis in the victim's vagina.

A person is guilty of enticing a child for indecent purposes when he "solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." OCGA § 16-6-5 (2006). Asportation is an element of the offense and is established through evidence of movement of the child victim. See *Heard v. State*, __ Ga. App. __ (731 SE2d 124) (2012). In the present case, the alleged movement was of the victim to the empty apartment where she was molested.

As previously noted, the victim testified at trial that she was ten years old at the time of her encounter with Rollins and that he grabbed her arms, forcefully moved her from the stairwell into the empty apartment, and forced her to have vaginal intercourse with him. Nevertheless, Rollins challenges the sufficiency of the evidence, contending that the State failed to prove the offense of child molestation because the victim "was not honest in her testimony." He further contends that the State, by relying solely on the testimony of the victim, failed to prove the element of

asportation to support his conviction for enticing a child for indecent purposes. His contentions are without merit.

It was the role of the jury, not this Court, to assess the victim's credibility and to resolve any conflicts in the testimony of the witnesses. See *Lamb v. State*, 315 Ga. App. 807, 808 (728 SE2d 327) (2012). In other words, the jury was solely responsible for ascertaining which version of events was true – the victim's or Rollins's. See *Wheeler v. State*, 281 Ga. App. 158, 160 (2) (635 SE2d 415) (2006). Furthermore, the testimony of the victim, standing alone, was sufficient to support the convictions. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Henderson v. State*, 313 Ga. App. 303, 304 (721 SE2d 216) (2011) (noting that the victim's testimony alone was sufficient to convict the defendant of child molestation and enticing a child for indecent purposes).

Accordingly, viewed in the light most favorable to the verdict, the testimony of the victim summarized above was sufficient to authorize a rational jury to have found the essential elements of the charged offenses beyond a reasonable doubt, including the element of asportation supporting Rollins's conviction of enticing a child for indecent purposes. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61

LE2d 560) (1979). We therefore affirm Rollins's convictions and the trial court's denial of his motion for a new trial.

*Judgment affirmed. Adams and McFadden, JJ., concur.*