**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 25, 2015**

# In the Court of Appeals of Georgia

A14A1865. HILL v. THE STATE.

BARNES, Presiding Judge.

A jury convicted Quentin Marcellius Hill of statutory rape and aggravated child molestation. Hill filed a motion for a new trial, which the trial court denied. On appeal, Hill challenges the sufficiency of the evidence. He further contends that it was plain error for the trial court to charge the jury that the prior consistent statements of the victim may constitute sufficient corroboration in a statutory rape case, and that his trial counsel was ineffective for failing to object to the charge. For the reasons discussed below, we affirm.

The evidence, construed in favor of the jury's verdict, showed that on June 28, 2011, the 13-year-old victim was sitting alone in her mother's car in a grocery store parking lot. Hill, who was 21 years old, parked his car next to the mother's car where the victim was sitting and went inside the store. After leaving the store, Hill saw that

the victim was still in the car and signaled for her to roll down her window. The victim complied, and Hill asked the victim her age. The victim told Hill that she was 13 years old. When Hill said that he did not believe her, the victim repeated her age, and Hill responded, "[Y]ou're young, but I still think you're cute and I want to talk to you." Hill and the victim then exchanged cell phone numbers, and the victim programmed Hill's name and phone number into her cell phone.

Hill called and texted the victim later that same day, and they continued to talk on the phone and text one another over the next few months. The text messages quickly became sexual in nature. Ultimately, Hill began coming over to the victim's house in the morning after her parents had left for work but before the victim left for school. In early September 2011, Hill came over to the victim's house before school and performed oral sex on her. Later that month, Hill returned to the victim's house before school, performed oral sex on her, and had sexual intercourse with her. Hill and the victim continued to text back and forth with one another before and after their sexual encounters.

By the end of September, the victim's father had become concerned that his daughter might be involved in an inappropriate relationship and took away her cell phone. He went through the text messages and found several from Hill, including the

2

messages that were sexual in nature. He also found a picture of Hill on the victim's phone and realized that he was "grown." Hill continued attempting to call and text the victim on the weekend that her father had taken away her phone.

The victim's father came to the conclusion that Hill was coming over to the family's house after he and his wife were leaving for work in the mornings. He decided to stay home from work that Monday and see if Hill came over to visit the victim, but he did not tell the victim about his plan. As the father watched from a window that morning, he saw Hill, whom he recognized from the photo in the victim's phone, drive up to the house. The father called 911 and then went outside and confronted Hill. Hill said that he was there to buy marijuana and denied that he had come to see the victim.

When police officers arrived at the house, the father spoke with them and showed them the text messages on the victim's cell phone. The officers also spoke with the victim, and she told them about her two sexual encounters with Hill in September 2011. Hill initially told the officers that he was only there to buy marijuana, but they arrested him based on what the victim and her father had told them and based on the text messages. While Hill was being arrested, the victim for the first time told her father about her two sexual encounters with Hill. Subsequently,

after Hill was advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966) and agreed to speak with the officers, he confessed to having oral sex and intercourse with the victim.

Based on the allegation that he had sexual intercourse with the victim, Hill was indicted for statutory rape, and based on the allegation that he had performed oral sex on her, Hill was indicted for aggravated child molestation. At the jury trial, the victim testified to the events as set out above. Her father testified about his confrontation with Hill and about what the victim told him had occurred, and the responding officers testified about the statements made to them by Hill and the victim. Additionally, the State introduced into evidence 74 pages of text messages between Hill and the victim spanning from when they first met in June 2011 until their relationship ended in late September 2011.

Hill took the stand in his own defense. He testified that the victim told him that she was 17 years old and had been sitting in the driver's seat of the car when he first met her in the grocery store parking lot. Hill admitted to repeatedly calling and texting the victim on her phone and that he had lied about going over to the victim's house to buy marijuana, but he claimed that he and the victim never had any sexual encounters and that he never made any incriminating statements to the police.

4

After hearing the conflicting testimony, the jury found Hill guilty of the charged offenses. Following a hearing, the trial court denied Hill's motion for a new trial, and this appeal followed.

1. Hill challenges the sufficiency of the evidence to support his convictions of statutory rape and aggravated child molestation. According to Hill, his convictions should be reversed because there was insufficient corroboration of the victim's testimony to support his statutory rape conviction, and because there was no physical evidence to support either conviction. We are unpersuaded.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and [Hill] no longer enjoys the presumption of innocence. We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain that the evidence is sufficient to prove each element of the crime beyond a reasonable doubt. Moreover, conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.

(Citation omitted.) *Rollins v. State*, 318 Ga. App. 311 (733 SE2d 841) (2012).

(a) *Statutory Rape.* "A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and

5

not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim." OCGA § 16-6-3 (a).

> The quantum of corroboration needed in a statutory rape case is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury.

(Citation and emphasis omitted.) *Agan v. State*, 319 Ga. App. 560, 561-562 (737 SE2d 347) (2013). Physical findings corroborating the victim's testimony are not necessary to sustain a conviction of statutory rape. See *Davis v. State*, 221 Ga. App. 131, 132 (2) (470 SE2d 520) (1996).

Applying these principles, we conclude that there was sufficient corroboration to support Hill's statutory rape conviction. Specifically, the victim's testimony that Hill performed oral sex on her when she was 13 years old, corroborated by her prior consistent statements to her father and to the responding officers and by Hill's confession to the officers, was sufficient to support Hill's conviction beyond a reasonable doubt. See *Bankston v. State*, 249 Ga. App. 118 (548 SE2d 25) (2001) (victim's testimony corroborated by defendant's confession to police); *Long v. State*,

189 Ga. App. 131, 132 (1) (375 SE2d 274) (1988) (victim's testimony corroborated by victim's prior consistent statements to parent and social worker).

Although Hill testified that the victim told him she was 17 years old, "[k]nowledge of the age of the victim is not an element of the offense of statutory rape, and reasonable belief that the victim is of the age of consent is not a defense to statutory rape." *Neal v. State*, 264 Ga. App. 311, 314 (5) (590 SE2d 168) (2003). And, in any event, the jury was entitled to find that Hill's testimony that he was mistaken about the age of the victim was not credible. See *Rollins*, 318 Ga. App. at 311 (witness credibility is for the jury to resolve).

(b) *Aggravated Child Molestation.* A person commits the offense of aggravated child molestation when he or she performs "any immoral or indecent act" involving sodomy to or with "any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a), (c). The victim's testimony that she had oral sex with Hill when she was 13 years old, standing alone, was sufficient to support Hill's conviction for aggravated child molestation beyond a reasonable doubt. See *Fiek v. State*, 266 Ga. App. 523, 527 (4) (597 SE2d 585) (2004). Physical evidence of the molestation was not required. See *Hutchinson v. State*, 287 Ga. App. 415, 417 (651 SE2d 523) (2007).

7

2. After the close of evidence, the trial court charged the jury that a conviction for statutory rape cannot be based on the uncorroborated testimony of the victim. The trial court went on to charge that "[a] victim's prior consistent statement, as recounted by third parties to whom such statements were made, may constitute sufficient evidence of corroboration in a statutory rape case. Whether or not such is the case is a matter for you, the jury." Hill did not object at trial, but he contends that the trial court committed plain error in its charge to the jury on the use of a victim's prior consistent statements as corroborating evidence in statutory rape cases. We are unpersuaded.

Even when a defendant fails to object to a jury charge at trial, we will review the charge for plain error. See OCGA § 17-8-58 (b); *Booker v. State*, 322 Ga. App. 257, 260 (2) (744 SE2d 429) (2013). But our review in this respect is limited:

> Reversal based on plain error is authorized [only] if the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Satisfying all four prongs of this standard is difficult, as it should be.

8

(Citation and punctuation omitted.) *Booker*, 322 Ga. App. at 260 (2). See *White v. State*, 291 Ga. 7, 8 (2) (727 SE2d 109) (2012); *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

Hill cannot show plain error because the jury charge at issue was not erroneous. We have repeatedly held, as the trial court instructed, that "a child-victim's prior consistent statements, as recounted by third parties to whom such statements were made, can constitute sufficient substantive evidence of corroboration in a statutory rape case." (Citation and punctuation omitted.) *Brown v. State*, 318 Ga. App. 334, 336 (1) (733 SE2d 863) (2012). See *Lee v. State*, 232 Ga. App. 300, 302 (2) (501 SE2d 844) (1998); *Long*, 189 Ga. App. at 132 (1). Indeed, we approved of a similar charge given by a trial court in a previous case. See *Ogles v. State*, 218 Ga. App. 92, 93 (1) (c) (460 SE2d 866) (1995) (comparing "inapt" jury charge requested by the defendant to the trial court's proper charge that "[a] victim's prior consistent statements as recounted by third persons may be sufficient evidence of corroboration"). Accordingly, contrary to Hill's assertion, there was no plain error in the giving of the charge.

3. In a related enumeration of error, Hill contends that his trial counsel rendered ineffective assistance by failing to object to the jury charge on the use of a

victim's prior consistent statements as corroborating evidence in statutory rape cases. But, for the reasons discussed supra in Division 2, such an objection would not have been sustained by the trial court because the jury charge was an accurate statement of the law. Because the "[f]ailure to make a meritless objection cannot be evidence of ineffective assistance," Hill cannot succeed on his ineffective assistance claim. (Punctuation and footnote omitted.) *Eley v. State*, 266 Ga. App. 45, 48 (2) (596 SE2d 660) (2004).

*Judgment affirmed. Boggs and Branch, JJ., concur*.