# Court of Appeals
# of the State of Georgia

ATLANTA,  November 13, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0611. QUENTIN M. HILL v. THE STATE.**

In 2013, a jury convicted Quentin M. Hill of statutory rape and aggravated child molestation, and this Court affirmed his convictions. See *Hill v. State*, 331 Ga. App. 280 (769 SE2d 179) (2015). Hill subsequently filed a pro se motion to set aside his convictions, alleging that the prosecutor's re-indictment of him amounted to vindictive prosecution, the indictment was defective on its face, the indictment was subject to a special demurrer, and he received ineffective assistance of counsel due to his attorney's failure to file a special demurrer to the indictment. The trial court denied Hill's motion, and Hill filed this pro se direct appeal. We lack jurisdiction.

"It has been held many times that a motion to set aside a judgment is inappropriate in a criminal case." *Lacey v. State*, 253 Ga. 711, 711 (324 SE2d 471) (1985). According to the Georgia Supreme Court, a motion to set aside or vacate a conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case[,]" and an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Here, Hill's claims regarding his indictment constitute attacks on the validity of his convictions. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (attacks on the indictment are essentially attempts to have the judgment of conviction vacated). Hill is not authorized to collaterally attack his convictions in this manner. See *Roberts*, supra; *Harper v. State*, 286 Ga. 216, 218 (1) & (2) (686 SE2d 786) (2009).

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__11/13/2020_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*