# Court of Appeals
# of the State of Georgia

ATLANTA, May 27, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1815. QUENTIN M. HILL v. THE STATE**.

In 2013, a jury found Quentin Hill guilty of statutory rape and aggravated child molestation, for which he was sentenced to life, with 30 years to be served in confinement. On appeal from the denial of Hill's motion for a new trial, this Court affirmed his convictions. *Hill v. State*, 331 Ga. App. 280 (769 SE2d 179) (2015). In February 2026, Hill filed a motion for leave to file an out-of-time motion for a new trial. The trial court dismissed that motion, and Hill filed this direct appeal. We lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. This statute allows for defendants to seek out-of-time relief if (1) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) the defendant had an out-of-time motion or appeal dismissed under Cook. OCGA § 5-6-39.1(a)(1) and (b). However, OCGA § 5-6-39.1 does not apply here, as Hill did not file his motion for out-of-time motion for new trial within 100 days from the expiration of the time period for filing a motion for new trial, nor did he have his motion or appeal dismissed under *Cook*. Moreover, the remedies under OCGA § 5-6-39.1 are not available to Hill because he has already had a direct appeal. *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) (a criminal defendant whose

conviction has been affirmed on direct appeal has no right of direct appeal from the denial of a motion for an out-of-time appeal); see also *Milliken v. Stewart*, 276 Ga. 712, 713 (583 SE2d 30) (2003). Instead, such a defendant "may gain further appellate review of the judgment of conviction by filing an extraordinary motion for new trial or a petition for writ of habeas corpus." *Richards*, 275 Ga. at 192 n.1.

For the above reasons, this Court lacks jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/27/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*